OAO91 (Rev. 8/01) Criminal Complaint

United States Courts
Southern District of Texas
FILED

AUG 12 2013

David J. Bradley, Clerk of Court

# UNITED STATES DISTRICT COURT

__SOUTHERN__ DISTRICT OF __TEXAS__

UNITED STATES OF AMERICA

V.

Timothy Burt WEDEMEIER

**CRIMINAL COMPLAINT**

Case Number: V-13-79M

I, the undersigned complainant state that the following is true and correct to the best of my knowledge and belief. On or about __November 8, 2012__ in __Victoria__ County, in the __Southern__ District of __Texas__ defendant(s) did,

In connection with the attempted acquisition of a firearm, knowingly made a false or fictitious written statement to Victoria All-Sports, a Federal Firearms Licensee, which statement was intended and likely to deceive Victoria All-Sports, as to a fact material to the lawfulness of such acquisition of the said firearm

in violation of Title __18__ United States Code, Section(s) __922 (a)(6)__.

I further state that I am a(n) __Special Agent__ and that this complaint is based on the following facts:

(See Attachment A)

Continued on the attached sheet and made a part of this complaint: ☒ Yes ☐ No

_Signature of Complainant_

David R. Taylor, ATF Special Agent
Printed Name of Complainant

Sworn to before me and signed in my presence, and probable cause found on

August 12th, 2013
Date

at Corpus Christi, Texas
City and State

Jason B. Libby U.S. Magistrate Judge
Name and Title of Judicial Officer

_Signature of Judicial Officer_

# ATTACHMENT A

I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Department of Justice, and have been so employed since September 10, 2001. I was previously employed as a State Trooper with the Louisiana State Police for approximately five years. I received a Bachelor's Degree in Criminal Justice from Louisiana State University in Baton Rouge, Louisiana. I am a graduate of the Federal Law Enforcement Training Center and ATF National Academy where I received specialized training on criminal violations of Federal firearms statutes, including the Gun Control Act (Title 18 United States Code). I am also a Certified Explosives Specialist, which is the result of a two year course designed to demonstrate expertise in the areas of explosives identification, applications and effects, handling, use, disposal and investigations.

(a.) This affidavit is in support of a criminal complaint charging Timothy Burt WEDEMEIER with the criminal violations set forth in Attachment A. The evidence available to me demonstrates that there is probable cause to believe that Timothy Burt WEDEMEIER has violated statute 18 U.S.C. § 922(a)(6) which provide as follows:

It shall be unlawful for any person – in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition.

Further, the Affiant states as follows:

1. Your Affiant has been involved in investigations involving violation of Federal firearms statutes. I am familiar with the information contained in this affidavit, either through personal investigation or through discussion with other law enforcement officers, who have participated in and have contributed documentary reports of investigative efforts in this matter.

2. On May 30, 2013, the investigation into alleged violation of federal statue began as Special Agent Robert Noble learned of an attempted firearm purchase by Timothy Burt WEDEMEIER on November 8, 2012.

1

3. On November 8, 2012, Timothy Burt WEDEMEIER (hereinafter referred to as WEDEMEIER) entered Victoria All-Sports, a Federal Firearms Licensee (FFL), in Victoria, Texas, for the purpose of purchasing a firearm. WEDEMEIER selected a firearm for purchase and executed an ATF Form 4473 to proceed with a background check through the National Instant Criminal Background Check System (NICS) which would determine the lawfulness of the sale. The NCIS check resulted with a 'denial' due to WEDEMEIER being the subject of valid protective orders; therefore the firearm was not transferred to WEDEMEIER.

4. As an ATF Special Agent, your Affiant is aware that as part of the process for an individual to purchase a firearm from a FFL, the individual must possess a valid government identification and execute an ATF Form 4473 (Firearms Transaction Record) from which the lawfulness of the sale is determined. Included on the form are identifying information for the purchaser (transferee) as well as questions and data provided by the purchaser to determine if he/she is prohibited from receiving and/or possessing firearms. The purchaser then acknowledges that answers to the questions are true, correct, and complete. This acknowledgement is indicated by the purchaser's signature.

5. On May 31, 2013, Special Agent Noble reviewed the ATF Form 4473 executed by WEDEMEIER on November 8, 2012 and determined that WEDEMEIER attempted to purchase a "long gun" (firearm), make and model not documented. Included with the ATF Form 4473 was a photo copy of WEDEMEIER's Texas Driver license. WEDEMEIER executed the ATF Form 4473 to proceed with a NICS background check. In doing so, WEDEMEIER answered required questions pertaining to the lawfulness of the sale. Special Agent Noble observed what appeared to be WEDEMEIER's signature on page 2 of the form. Special Agent Noble also noted that the signature on the ATF Form 4473 was similar to the signature on WEDEMEIER's driver license. WEDEMEIER provided the response to question 11 (h) by checking the box indicating 'no' to the following questions:

    a. "Are you subject to a court order restraining you from harassing, stalking, or threatening your child or an intimate partner or child of such partner?"

6. Special Agent Noble has reviewed certified copies of two (2) Orders for Protection from the Superior Court of Washington for Pierce County wherein the Respondent is WEDEMEIER.

7. On March 21, 2006, Order of Protection 06-2-00672-6 was filed in the Superior Court of Washington for Pierce County. The Order of Protection restrains WEDEMEIER from "causing physical harm, bodily injury, assault, including sexual assault, and from molesting, harassing, threatening, or stalking petitioner." The petitioner in this Order of Protection is Michelle Renee Bailey, a former girlfriend who lived with WEDEMEIER. This Order of Protection is a permanent order and thus does not expire. A signature on the order under the statement "I acknowledge receipt of a copy of this Order for Protection" appears to be that of WEDEMEIER and is signed "Tim Wedemeier".

8. On August 25, 2004, Order of Protection 04-2-02357-8 was filed in the Superior Court of Washington for Pierce County. The Order of Protection restrains WEDEMEIER from "causing physical harm, bodily injury, assault, including sexual assault, and from molesting, harassing, threatening, or stalking petitioner." The petitioner in this Order of Protection is Michele Jean Wedemeier, a former spouse of WEDEMEIER. This Order of Protection is a permanent order and thus does not expire. A signature on the order under the statement "I acknowledge receipt of a copy of this Order for Protection" appears to be that of WEDEMEIER and is signed "Tim Wedemeier".

9. Special Agent Noble has determined that WEDEMEIER was investigated by ATF in the State of Washington for alleged violations Federal Firearms Statutes on April 17, 2008. According to reports documented by ATF Special Agent Brice McCracken, WEDEMEIER was interviewed regarding the aforementioned Orders of Protection. WEDEMEIER acknowledged that his ex-wife and ex-girlfriend had taken out the Orders of Protection; however he believed they expired after one year. S/A McCracken informed WEDEMEIER that each Order of Protection was permanent and that as long as the Orders of Protection were active, he was prohibited from possessing firearms.

## CONCLUSION

10. Based on the above information, your Affiant believes Timothy Burt WEDEMEIER knowingly made a false or fictitious oral or written statement to a licensed firearms dealer in connection with the attempted acquisition of a firearm in violation of Title 18, United States Code, Section 922(a)(6), on November 8, 2012, in Victoria County, Texas.

Further the Affiant sayeth naught.

David R. Taylor, ATF Special Agent

Subscribed and sworn to before me this 12th day of August, 2013.

Jason B. Libby
UNITED STATES MAGISTRATE JUDGE

3